UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HASSON WILSON,

                Plaintiff,

    v.                                                9:19-CV-1294
                                                        (DNH/ATB)

UNITED STATES and NEW YORK
STATE DEPARTMENT OF CORRECTIONS
COMMUNITY SUPERVISION,

                Defendants.

---

APPEARANCES:

HASSON WILSON
Plaintiff, Pro Se
18-A-1132
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

DAVID N. HURD
United States District Judge

## DECISION AND ORDER

## I. INTRODUCTION

    Pro se plaintiff Hasson Wilson ("Wilson" or "plaintiff") commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application").[1]

---

[1] After plaintiff commenced this action, he commenced a separate action in this District wherein he asserted claims against two state officials based on the same events that gave rise to the claims in this action. *See Wilson v. Spink, et al.*, No. 9:19-CV-1322, Dkt. No. 1 ("*Wilson II*").

By Decision and Order filed on November 25, 2019, this Court granted Wilson's IFP Application, but following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), found that it was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 4 ("November 2019 Order"). In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *Id*. at 9-10.

Following the November 2019 Order, Wilson filed a letter motion in this action and in *Wilson II* requesting to have the complaint in *Wilson II* docketed as the amended complaint in this action. *See* Dkt. No. 5 ("Letter Motion"); *Wilson II*, Dkt. No. 4.

On December 13, 2019, the Court issued an Order granting Wilson's Letter Motion to the extent he sought to have his complaint in *Wilson II* docketed as his amended complaint in this action, and directed the Clerk to docket the complaint in *Wilson II* as the amended complaint in this action. Dkt. No. 6 ("December 2019 Order"). Presently before the Court is that amended complaint. Dkt. No. 8 ("Am. Compl.").

## II. **SUFFICIENCY OF THE AMENDED COMPLAINT**

### A. **The Complaint and November 2019 Order**

In his original complaint, Wilson asserted claims against the United States and the New York State Department of Corrections and Community Supervision ("DOCCS") based on alleged wrongdoing that occurred while plaintiff was incarcerated at Mohawk Correctional Facility ("Mohawk C.F."). *See generally* Compl. The complaint was construed to assert an Eighth Amendment failure-to-protect claim against DOCCS and a claim against the United States under the Federal Tort Claims Act ("FTCA"). *See* November 2019 Order at 6.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), all Section 1983 claims against the New York State Department of

Corrections and Community Supervision were dismissed with prejudice for failure to state a claim against this defendant upon which relief may be granted, and because DOCCS is entitled to Eleventh Amendment immunity, plaintiff's FTCA claim was dismissed without prejudice for failure to state a claim upon which relief may be granted, and DOCCS and the United States were dismissed as defendants. *See* November 2019 Order at 8-11.

### B. Review of the Amended Complaint

Because Wilson is proceeding in forma pauperis and is an inmate suing one or more government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the November 2019 Order and it will not be restated in this Decision and Order. *See* November 2019 Order at 2-4.

Wilson's amended complaint contains allegations similar to those set forth in the original complaint, but names Corrections Sergeant Caberra and Corrections Officer Spink as defendants in place of DOCCS and the United States. *See generally*, Am. Compl. The following facts are set forth as alleged by plaintiff in his amended complaint.

On June 16, 2018, Wilson was "approached by an inmate who told [him] that a blood gang . . . member named 'Kilo' think [he is] Crip afliated [sic] and is pushing for the Bloods to cut [him]." Am. Compl. at 4. Plaintiff "reported what [he] heard" to defendant Caberra "because [he] was familiar with her[.]" *Id*. "[W]hen [plaintiff] explained every detail" to defendant Caberra, "she asked [him] for more information[,]" which he did not have. *Id*. Defendant Caberra then advised plaintiff that he was "not able to sign in to protective

3

custody[,] and [he] returned to [his] housing unit." *Id*.

Sometime between July 4 and July 10, 2018, Wilson spoke with his housing unit corrections officer, defendant J. Spink, about what he heard. Am. Compl. at 4. Defendant Spink responded that he would not help plaintiff because of "what [plaintiff] did to him in Housing Unit 73-F[.]" *Id.*[2] Defendant Spink further advised plaintiff that he would not be admitted into protective custody "without valuable information[.]" *Id*. at 5.

On July 17, 2018, at 6:00 p.m., Wilson attended recreation in "the West Yard[.]" Am. Compl. at 5. Plaintiff stayed in the yard until 9:00 p.m. *Id.* "While walking back to [his] housing unit[,]" a "Blood gang [member]" named "Kilo" "put [plaintiff] in a choke hold . . . and cut [him] on the right side of [his] face[.]" *Id.* "Kilo" then threw plaintiff on the ground and walked away. *Id.*

After "Kilo" walked away, Wilson stood up and "approached the C.O. bubble by the north messhall/commissary and stateshop [area] to report [the] assault[.]" Am. Compl. at 5. When plaintiff arrived at the "bubble," no corrections officer was stationed there. *Id*. Plaintiff then walked to his housing unit and "reported [the] assault . . . to [his] housing unit C.O.[,]" who then contacted the area sergeant. *Id.* Plaintiff was then taken to "medical" where his "cut" was treated. *Id*. at 5-6. Thereafter, plaintiff was "taken to SHU for protective custody." *Id.* at 6.

Construing the amended complaint liberally, Wilson asserts an Eighth Amendment

---

[2] The amended complaint lacks any allegations regarding any events that occurred while plaintiff was housed in Housing Unit 73-F.

failure-to-protect claim against defendants Spink and Caberra. *See* Am. Compl. at 7.[3]

Plaintiff seeks monetary damages. Am. Compl. at 7. For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

**C. <u>Analysis</u>**

Section 1983 establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

Under the Eighth Amendment, prison officials are required to take reasonable measures to guarantee the safety of inmates and to protect them from known harm. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *see also Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997) (noting that prison officials have a duty, under the Eighth Amendment, "'to protect inmates from violence at the hands of other inmates'" (quoting *Farmer*, 511 U.S. at 833)).

In *Farmer*, the Supreme Court set out the two-pronged test that determines when a failure to protect a prison inmate from assault by other inmates rises to the level of a constitutional violation. First, the prisoner must have been "incarcerated under conditions posing a substantial risk of serious harm." *Id*. at 834. Second, the prison official must have

---

[3] In the "claims" section of plaintiff's form Section 1983 amended complaint, plaintiff provides a description of wrongdoing under the "First Claim," "Second Claim," and "Third Claim." *See* Am. Compl. at 7. However, the Court does not construe the allegations in the amended complaint to assert anything other than an Eighth Amendment failure-to-protect claim.

5

shown "deliberate indifference" to the prisoner's safety. *Id*.

Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837; *Hines v. Lacy*, 189 F.3d 460 (2d Cir. 1999).

"Courts have found that, when an inmate informs corrections officers about a specific fear of assault and is then assaulted, this is sufficient to proceed on a claim of failure to protect." *Beckles v. Bennett*, No. 05-CV-2000, 2008 WL 821827, at *17 (S.D.N.Y. Mar. 26, 2008); *see also Rogers v. Salius*, No. 16-CV-1299, 2017 WL 1370695, at *4-5 (D. Conn. Apr. 13, 2017) (denying motion to dismiss where plaintiff alleged that prison officials knew of a threat prior to the assault against him); *Henry v. County of Nassau*, No. 13-CV-7427, 2015 WL 2337393, at *4 (E.D.N.Y. May 13, 2015) (denying motion to dismiss as to prison officials "alleged to be personally involved" in the decision to place plaintiff in general population rather than protective custody after credible threats of gang retaliation made against plaintiff).

At this early stage of the proceeding, and mindful of the Second Circuit's instruction that a pro se plaintiff's pleadings must be liberally construed,[4] a response to Wilson's Eighth Amendment failure-to-protect claims is warranted. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

## III. **CONCLUSION**

Therefore, it is

ORDERED that

1. The amended complaint is accepted for filing and is the operative pleading;

---

[4] *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

6

2. The Clerk of the Court shall update the docket to add Corrections Sergeant Caberra and Corrections Officer Spink as defendants;

3. Plaintiff's Eighth Amendment failure-to-protect claims against defendants Spink and Caberra **SURVIVE** the Court's initial review pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A and require a response;

4. The Clerk of the Court shall **DISMISS** the United States and the New York State Department of Corrections and Community Supervision as defendants;

5. The Clerk of the Court shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon defendants Spink and Caberra. The Clerk shall forward a copy of the summons and amended complaint to the Office of the New York State Attorney General, together with a copy of this Decision and Order;

6. A response to the amended complaint be filed by defendants Spink and Caberra, or their counsel, as provided for in the Federal Rules of Civil Procedure;

7. All pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367;

8. Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action;

9. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court;

10. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action**; and

11. The Clerk of the Court shall serve a copy of this Decision and Order on plaintiff by regular mail.

IT IS SO ORDERED.

Dated: December 23, 2019
Utica, New York.

_____
United States District Judge